UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LEONIL RIVERA-OSORIO,<br><br>    Plaintiff,<br><br>    v.<br><br>ADMINISTRACIÓN DE CORRECCIÓN,<br>et al.,<br><br>    Defendants. | Civil No. 09-1078 (JAF) |

**OPINION AND ORDER**

Plaintiff, Leonil Rivera-Osorio, brings this case against Defendants, the Puerto Rico Department of Corrections ("the DOC"), Annie González-Pérez, Gladylis Santiago, Ivette Vega-Lamboy, and Eneida García, under 42 U.S.C. § 1983, alleging that he was denied the right to rehabilitation, speedy reintegration into society by means of a community program, and an evaluation by the Parole Board. (Docket Nos. 2, 25, 32.) Plaintiff seeks twelve million dollars in monetary compensation for the violation of his right to moral, social, and economic rehabilitation and for lost profits under a contract with a sporting shoe company, as well as punitive damages. (Docket Nos. 2, 32.)

All Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 19.) Vega-Lamboy also moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Docket

Nos. 9, 14.) Plaintiff opposes (Docket No. 25), and Vega-Lamboy replies (Docket No. 26).

## I.

## **Factual and Procedural Synopsis**

Unless otherwise indicated, we derive the following factual and procedural summary from the pleadings and depositions on file. (Docket Nos. 2, 9, 14, 19, 25, 26, 27, 32.)

Plaintiff is an inmate in the penal custody of the DOC. He was sentenced under Articles 122 and 209 of the Puerto Rico Penal Code, 33 L.P.R.A §§ 4750, 4837, to one year and nine months in prison for aggression and property damage.

Although Plaintiff was granted probation, it was revoked by the Puerto Rico Court of First Instance on January 24, 2007. Santiago, the technician for the Community Program in the Bayamón region, requested that Santiago's probation be revoked because Vega-Lamboy, the victim of Plaintiff's crime, opposed Plaintiff's rehabilitation. Plaintiff was ordered to serve the remainder of his sentence in prison. After an evaluation, the Corrections Community Office determined that Plaintiff did not qualify for extended furlough, electronic supervision, or the Comprehensive Community Reintegration Program, partly because his parole had been revoked.

In October 2008, Plaintiff filed a Reconsideration of the Parole Board's decision with the Puerto Rico Court of Appeals. (Docket

Civil No. 09-1078 (JAF)                                                -3-

Nos. 19-2, 27-2.). On December 19, 2008, the court denied relief, finding that Plaintiff (1) was not eligible for the diversion or treatment and rehabilitation programs under Puerto Rico Law No. 116, of July 22, 1974, 4 L.P.R.A. §1136(a), because he committed the felony of aggression; and (2) was not eligible for electronic supervision because he failed to comply with the conditions of parole when his probation was revoked, in violation of P.R. Reg. 6051 art. VII, § 12.[1] (Docket Nos. 19-2, 27-2.) Plaintiff did not apply for certiorari from the Puerto Rico Supreme Court.

Plaintiff filed the present complaint in federal district court on January 26, 2009, asking the court to (1) summon Defendants; (2) appoint him an attorney; (3) and award him twelve million dollars for lost profits and the violation of his right to moral, social, and economic rehabilitation, as well as punitive damages. (Docket Nos. 2, 32.) Plaintiff also alleges that González-Pérez, Chief of the Corrections Administration Community Program, and García, the penal social workers' supervisor at Plaintiff's prison, refused to grant Plaintiff a hearing so that he could confront Vega-Lamboy as to why she opposed Plaintiff's rehabilitation.

On February 24, 2009, Vega-Lamboy moved to dismiss (Docket No. 9) and on March 5, 2009, she filed an amended motion (Docket

---

[1] This statute was in all material respects recodified on December 18, 2008, at P.R. Reg. 7640 art. VII, § 12.

No. 14). All other Defendants moved to dismiss on March 30, 2009 (Docket Nos. 19, 27), Plaintiff opposed on April 7, 2009 (Docket No. 25), and Vega-Lamboy replied on April 8, 2009 (Docket No. 26).

## II.

## **Standard for Dismissal Under Rule 12(b)(1)**

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A movant may base a challenge to the sufficiency of the plaintiff's assertion of subject matter jurisdiction solely on the pleadings. Id. at 363. In that case, we take the plaintiff's "jurisdictionally-significant facts as true" and "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Id. at 363; see Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 197 (1st Cir. 2000). Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a "factual challenge," in which case the court addresses "the merits

of the jurisdictional claim by resolving the factual disputes between the parties." Valentin, 254 F.3d at 362-63.

### III.

### Analysis

Plaintiff asserts that he was arbitrarily denied entry into the extended furlough or electronic supervision programs, although he meets the requirements for both, and that this has caused him to lose a twelve-million-dollar contract with a sports shoe company. (Docket Nos. 2, 25.) Defendants counter that the case should be dismissed because we lack jurisdiction to hear the case. (Docket Nos. 19, 27.) Also, Defendant Vega-Lamboy argues that the case against her should be dismissed because Plaintiff did not allege that she is a State actor or engaged in State action. (Docket Nos. 9, 14.)

Ordinarily, district courts have original, not appellate jurisdiction, over cases arising from the Constitution. See 28 U.S.C. § 1331. "The Rooker-Feldman doctrine prevents federal district courts from hearing cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Coors Brewing Co. v. Mendez-Torres, 562 F.3d 3, 19 (1st Cir. 2009) (quoting Lance v. Dennis, 546 U.S. 459, 464 (2006)) (internal quotation marks omitted).

The Rooker-Feldman doctrine applies to decisions of the Puerto Rico Commonwealth courts. Id. (citing Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008)). The Rooker-Feldman doctrine applies even when state proceedings remain pending. Dempsey v. Massachusetts, 1992 WL 60438, at *1 (1st Cir. Mar. 31, 1992) (citing Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.3 (9th Cir. 1986)); see also Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986) (finding that the Fifth Circuit had "no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system").

Defendants assert that this case should be dismissed because the district court lacks jurisdiction to hear the case. (Docket Nos. 19, 27.) On December 19, 2008, the Puerto Rico Court of Appeals found that Plaintiff was properly denied extended furlough and electronic supervision. (Docket Nos. 19-2, 27-2.) In his complaint before this court, Plaintiff stresses his dissatisfaction with the revocation of his probation and Defendants' refusal to grant him furlough or electronic supervision. (Docket Nos. 2, 32.) Although Plaintiff seeks monetary compensation for a lost potential contract with a sports shoe company, this violation is dependent on the injury caused by the state court judgment. See Coors Brewing, 562 F.3d at 19.

Civil No. 09-1078 (JAF)                                                          -7-

As Plaintiff is requesting that we review and reject the decision of the Puerto Rico Court of Appeals (Docket Nos. 2, 32), we lack jurisdiction to hear Plaintiff's complaint. See Coors Brewing, 562 F.3d at 19. Accordingly, Vega-Lamboy's motion to dismiss is moot.

## IV.

## Conclusion

In light of the above, we hereby **GRANT** Defendants' motion to dismiss, (Docket No. 19), and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE** to pursuit of relief in Puerto Rico court. Vega-Lamboy's motion to dismiss (Docket Nos. 9, 14) is, accordingly, **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of August, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge